*TERRY A. DAKE, LTD.*
P.O. Box 26945
Phoenix, Arizona  85068-6945
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: ) | In Chapter 7 Proceedings |
| RONALD PAUL BLASINGAME; ) | Case No. 2:21-BK-03834-EPB |
| Debtor. ) | |
| _____) | |
| ROBERT A. MACKENZIE, ) | |
| TRUSTEE, ) | **Adversary No. 2:21-AP-00XXX** |
| Plaintiff, ) | |
| v. ) | |
| NANCY L. BLASINGAME; ) | |
| NANCY L. BLASINGAME, TRUSTEE, ) | |
| NANCY BLASINGAME LIVING TRUST ) | |
| DATED JUNE 30, 2021; ) | |
| Defendants. ) | |
| _____) | |

**C O M P L A I N T**

Robert A. MacKenzie ("MacKenzie" or "trustee"), as trustee of the bankruptcy estate of Ronald Paul Blasingame, for his Complaint, says as follows:

1.  MacKenzie is the duly appointed trustee of the bankruptcy estate of Ronald Paul Blasingame, Bankruptcy Case No. 2:21-BK-03834-EPB.

2.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2).  This is a core proceeding.

3. The bankruptcy case of Ronald Paul Blasingame, Bankruptcy Case No. 2:21-BK-03834-EPB, was filed as a voluntary Chapter 7 proceeding on May 18, 2021.

4. Ronald Paul Blasingame ("Ron") is the debtor in the bankruptcy case.

5. Nancy L. Blasingame ("Nancy") married Ron on June 2, 2011 and was divorced from Ron on April 8, 2021.

6. While Nancy and Ron were married, they owned, in the name of the Blasingame Family Trust dated August 17, 2014, real property commonly known as 120 Boas Dr., Santa Rosa, CA (the "Santa Rosa" property).

7. The Santa Rosa property was sold on February 24, 2020 and produced net sale proceeds of $229,797.42.

8. On March 17, 2020, property commonly known as 15990 W. Laurel Lane, Surprise, AZ (the "Surprise" property) was purchased solely in Nancy's name, and Ron executed a disclaimer deed, transferring to Nancy his interest in the Surprise property. The Surprise property is legally described as:

> Lot 486, of GREER RANCH NORTH PHASE II, according to Book 790 of Maps, Page 48, and Certificates of Correction recorded in Recording No. 2007-0626363, Recording No. 2007-0626364, Recording No. 2007-0809255, in Recording No. 2007-0809256, in Recording No. 2007-0821459, in Recording No. 2007-0821460, in Recording No. 2007-0821461, and in

1 | Recording No. 2007-1190413, Records of Maricopa
2 | County, Arizona.
3 APN: 501-79-148

4     9. $180,000.00 of the purchase price for the Surprise property 5 was paid with proceeds from the sale of the Santa Rosa property.

6     10. On July 2, 2021, Nancy, with the assistance of Ron's bankruptcy lawyer, transferred record title to the Surprise property to The Nancy Blasingame Living Trust date June 30, 2021.

9     10. Ron and Nancy live together in the Surprise property.

10     11. The divorce proceeding that resulted in Ron and Nancy's divorce, just 21 days before this bankruptcy case was filed, was a quickie divorce, uncontested and collusive. Ron was represented by his bankruptcy lawyer, and Nancy had no representation at all. Nancy has admitted that the only reason for the divorce was to separate her financial affairs from Ron's.

16     12. Ron's transfer of his interest in the Surprise property, which included his interest in the $180,000.00 that was used to purchase it, was intended to hinder, delay and defraud Ron's creditors.

19     13. Ron received no consideration for his transfer of his interest in the Surprise house, which included his interest in the $180,000.00 that was used to purchase it, to Nancy.

22     14. Nancy is believed to have also retained the remainder of the sale proceeds of the Santa Rosa property, $49,797.42, to the exclusion of Ron.

3

15. Ron's transfer of his interest in the remaining $49,797.42 from the sale of the Santa Rosa property to Nancy was intended to hinder, delay and defraud Ron's creditors.

16. Ron received no consideration for his transfer of his interest in the remaining $49,797.42 from the sale of the Santa Rosa property to Nancy.

17. Ron was insolvent, or became insolvent, as a result of transferring his interest in the Surprise property and his interest in the remaining proceeds of the Santa Rosa property to Nancy.

18. Ron's transfer of his interest in the Suprise property to Nancy and his interest in the remaining proceeds of the Santa Rosa property to Nancy, is avoidable by the trustee pursuant to 11 U.S.C. §544 and A.R.S. §44-1004(A)(1) and 11 U.S.C. §548(a)(1)(A) and/or 11 U.S.C. §544 and A.R.S. §44-1005 and 11 U.S.C. §548(a)(1)(B).

19. It is impractical to partition the Surprise property.

20. A sale of an undivided interest in the Surprise property would realize less for the bankruptcy estate than a sale of the Surprise property free of the interest of Nancy.

21. The benefit to the bankruptcy estate of a sale of the Surprise property outweighs any detriment to Nancy.

22. The Surprise property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

**WHEREFORE**, the trustee prays:

A. For the entry of an order avoiding the transfer of Ron's interest in the Surprise property, which includes his interest in the

4

$180,000.00 that was used to purchase it, and avoiding Ron's transfer of his interest in the remaining $49,797.42 from the sale of the Santa Rosa property to Nancy pursuant to 11 U.S.C. §544 and A.R.S. §44-1004(A)(1) and 11 U.S.C. §548(a)(1)(A) and/or 11 U.S.C. §544 and A.R.S. §44-1005 and 11 U.S.C. §548(a)(1)(B).

      B. For the entry of an order preserving the transfer of Ron's interest in the Surprise property, which included his interest in the $180,000.00 that was used to purchase it, and Ron's interest in the remaining $49,797.42, in favor of the bankruptcy estate pursuant to 11 U.S.C. §551.

      C. For the entry of an order vesting title to a one-half interest in the Surprise property in the trustee for the benefit of the bankruptcy estate.

      D. For a money judgment against Nancy for an amount not less than $49,797.42.

      E. For the entry of an order authorizing the trustee to sell the Surprise property free and clear of any lien, claim or interest of Nancy pursuant to 11 U.S.C. §363(h).

      F. For an award of the trustee's costs. In the event of default, the trustee will request costs of $350.00.

      DATED September 30, 2021.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
  Terry A. Dake
  P.O. Box 26945
  Phoenix, Arizona 85068-6945

5

Case 2:21-ap-00248-EPB   Doc 1   Filed 09/30/21   Entered 09/30/21 15:44:10   Desc
Main Document    Page 5 of 5